IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNNY BULLOCK, | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. 5:22-CV-00437-MTT-CHW |
| VS. | : | |
| | : | |
| WARDEN WALTER BERRY, *et al.*, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| Defendants | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| _____ | | |

## ORDER

*Pro se* Plaintiff Johnny Bullock, a prisoner at Baldwin State Prison in Hardwick, Georgia, filed this 42 U.S.C. § 1983 action. ECF No. 1. He has also filed an incomplete motion to proceed *in forma pauperis* (ECF No. 2) and a motion to appoint an attorney (ECF No. 3).

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has filed an incomplete motion to proceed *in forma pauperis* in that he has failed to submit a certified copy of his inmate trust fund account. *See* ECF No. 2. A prisoner seeking to proceed without prepayment of filing fees must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

Plaintiff is advised that even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the filing fee in installments based on funds

in the prisoner's account. 28 U.S.C. § 1915(b). Thus, funds will be deducted from Plaintiff's account until the filing fee is paid in full. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

Accordingly, Plaintiff is **ORDERED** to pay the $402.00 filing fee or file a certified copy of his inmate trust account for the preceding six months signed by a prison official in support of his motion to proceed *in forma pauperis*. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to address the filing fee as ordered.

## MOTION FOR THE APPOINTMENT OF AN ATTORNEY

Plaintiff has moved for the Court to appoint him an attorney. ECF No. 3. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed a complaint under § 1983 partially upon the Court's standard

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

form and setting forth factual allegations. *See generally* ECF No. 1. The applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Plaintiff has demonstrated his ability to present claims to the Court for review. As such, Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED**.

Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Plaintiff's complaint is a twenty-two pages of rambling and conclusory allegations about several unrelated events. *See* ECF No. 1. He names approximately fifteen defendants including Warden Berry, Georgia Department of Corrections Commissioner Timothy Ward, correction officers, doctors, nurses, counselors, and store workers. *See id*. at 4-21. He complains about various matters such as grievance responses, a possible inmate threat, being taunted, not having a single man cell, being videotaped or recorded, denial of phone privileges, medical malpractice for an unnamed condition, and the broadcast of unspecified information on a speaker. *See id*.

Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks". Plaintiff has further run afoul of Rule 10(b) of the Federal Rules of Civil Procedure, which requires that a party must state its claims in paragraphs limited to a single set of circumstances. In short, this complaint is a typical shotgun pleading. Plaintiff's complaint is a shotgun pleading because it asserts multiple, unrelated claims against numerous defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants each claim is brought against. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).

The leniency afforded to pro se litigants does not permit them to file an impermissible shotgun pleading. *Id*. The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Indeed, shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources." *Id*. (citation omitted). The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002). Moreover, it is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal

Rules of Civil Procedure. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").

Because Plaintiff is proceeding pro se, **the Court will afford Plaintiff one opportunity to remedy the defects** as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Thus, Plaintiff is now required to submit an amended complaint if he wishes to proceed with this civil action. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Plaintiff is hereby notified that **one sole operating complaint** is permissible. Thus, Plaintiff's amended complaint will take the place of his original complaint, including all exhibits or attachments. In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. Plaintiff may not join unrelated claims and defendants in a single action. A plaintiff may join defendants in one action if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any

5

question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

Plaintiff must keep in mind that he may include only related claims when redrafting his complaint. Just because alleged events occur in one prison does not necessarily make claims about those allegations related. If the Plaintiff wishes to pursue unrelated claims, then he is advised that these would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above Civil Action number. The filing fee must also be addressed in each new civil action.

When drafting his statement of claims, Plaintiff must list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions

    otherwise cause the unconstitutional action?  How do you know?

  (3)  When and where did each action occur (to the extent memory allows)?

  (4)  How were you injured because of this Defendant's actions or inactions?

  (5)  What relief do you seek from this Defendant? [2]

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8.  Additionally, Plaintiff must thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form.  ***The total complaint must be no longer than ten (10) pages.*** Plaintiff may not include any exhibits or attachments.

If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.  If Plaintiff fails to follow the instructions of this Court Order, his complaint will be dismissed. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty.*

---

[2] Plaintiff states he "would like criminal charges pressed". ECF No. 1 at 22.  Even if Plaintiff prevails in his claims under 42 U.S.C § 1983, this Court has no authority to grant the Plaintiff this relief he seeks.  The United States District Courts do not have jurisdiction to institute criminal proceedings or the authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Otero v. U. S. Attorney Gen.,* 832 F.2d 141, 141 (11th Cir. 1987).  Plaintiff, a private citizen, likewise has no power to originate such criminal pleadings on his own initiative. *Id.*

*Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for …failure to obey a court order.").

Lastly, Plaintiff has now, within a month's time, initiated five federal lawsuits including this action. *See* Case # 5:22-cv-385-MTT-MSH, *Bullock v. Jefferson*, filed Nov. 1, 2022; Case # 5:22-cv-386-MTT-CHW, *Bullock v. Jefferson*, filed Nov. 1, 2022; Case # 5:22-cv-426-TES-CHW, *Bullock v. Jefferson*, filed Nov. 30, 2022; Case # 5:22-cv-438-TES-CHW, *Bullock v. Berry*, filed Dec. 13, 2022.  Plaintiff is raising the same repetitive claims against the same Defendants amongst these suits. *See id.*  Furthermore, in each of these suits, Plaintiff's pleadings are shotgun pleadings much like this one. *See id.*  Plaintiff is cautioned that he will be responsible for satisfying the filing fees in each of these suits whether any proceed beyond frivolity review or whether any are dismissed as frivolous, malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915.  Plaintiff is also cautioned that should he have three lawsuits dismissed as frivolous, malicious, or for failure to state a claim, he will be barred from pursuing any future federal civil rights actions *in forma pauperis* unless he is found by a Court to be under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).  Plaintiff should heed the Court's advisement and carefully review each of his suits to be sure they are specifically plead to state a constitutional claim, that they do not combine unrelated claims as prohibited by the Federal Rules of Civil Procedure, and that his various suits do not present duplicative claims.  Should Plaintiff find that any of his suits are duplicative of another suit or that any may otherwise need to be withdrawn, then he may file a

motion to have the case voluntarily dismissed.[3]

## CONCLUSION

If Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his Complaint on the Court's standard § 1983 form as instructed, and (2) either pay the $402.00 filing fee or submit a proper certified account statement, signed by the appropriate prison official and including a statement of Plaintiff's account transactions for the previous six months.  While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**  There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form and an account certification form along with his service copy of this order (with the civil action number showing on all).

**SO ORDERED and DIRECTED**, this 29th day of December, 2022.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge

---

[3] Rule 41 of the Federal Rules of Civil Procedure provides that a "…plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A).