IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNNY BULLOCK, | : | |
| | : | |
| **Plaintiff** | : | |
| | : | CASE NO. 5:22-cv-00437-MTT-CHW |
| v. | : | |
| | : | |
| WARDEN BERRY, *et al.*, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| **Defendants** | : | BEFORE THE U. S. MAGISTRATE JUDGE |

### ORDER

*Pro se* Plaintiff Johnny Bullock, a prisoner now incarcerated at Calhoun State Prison in Morgan, Georgia, filed this complaint under 42 U.S.C § 1983. ECF No. 1. He also filed a motion for the appointment of an attorney. ECF No. 3. The Court denied the appointment of an attorney and Plaintiff was ordered to recast his complaint. ECF No. 8. The Court has received his recast complaint. ECF No. 10.

Upon the initiation of this action, Plaintiff also filed a statutorily incomplete motion for leave to proceed *in forma pauperis*. ECF No. 2. Therefore, Plaintiff was ordered to file a certified account statement signed by a prison official and a copy of his prison trust fund account statement for the preceding six months in support of his motion to proceed *in forma pauperis* or otherwise pay the full filing fee. ECF No. 8. Plaintiff has now submitted an additional motion to proceed *in forma pauperis* (ECF No. 11) and separately submitted the required certified account statement (ECF No. 14). He has also filed another motion for the appointment of an attorney. ECF No. 12.

## MOTIONS TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has filed two motions to proceed *in forma pauperis*. ECF Nos. 2 and 11. As it appears that Plaintiff is unable to pay the full cost of commencing this action, his motions to proceed *in forma pauperis* are hereby **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows that for the previous six months prior to the filing of his suit, he had total deposits in the amount of $360.00. ECF No. 14. Therefore, his average monthly deposit for the previous six months is $60.00. Twenty percent of his average monthly deposit of $60.00 is $12.00. **Accordingly, if Plaintiff wishes to proceed with this action, he must pay an initial partial filing fee of $12.00.**

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must

therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments

3

and fails to do so.

**ADDITIONAL REQUESTS FOR THE APPOINTMENT OF AN ATTORNEY**

Plaintiff has previously moved this Court to appoint him an attorney. ECF No. 3. Plaintiff's first motion for appointed counsel was denied on December 29, 2022. ECF No. 8. In that order, Plaintiff was instructed that "there is no need for Plaintiff to file additional requests for counsel" because "[s]hould it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time". *Id*.

Plaintiff has once again requested the appointment of an attorney. ECF No. 12 Plaintiff is once again instructed that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed a complaint and a recast complaint under § 1983 following the

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

format and style of the Court's standard form and setting forth factual allegations. *See generally* ECF Nos. 1 and 10. This case is not exceptionally complex. *See* ECF No. 12 at 1. The applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements that would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Plaintiff has demonstrated his ability to present his claims to the Court for review.

For these reasons, Plaintiff's additional request for appointment of counsel (ECF No. 12) is **DENIED**. Plaintiff is once again instructed that should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, ***on its own motion and accord***, will consider assisting him in securing legal counsel at that time. Therefore, ***there is no need for Plaintiff to file additional requests for counsel.***

## CONCLUSION

In conclusion, as set forth above, Plaintiff's request for the appointment of counsel (ECF No. 12) is **DENIED**. Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 2 and 11) are **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $12.00. While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court. Thereafter, Plaintiff's custodian shall remit

monthly payments as set forth above.

There shall be **no service** in this case until further order of the Court and Plaintiff shall keep the Court informed of any future address change.   Failure to do so, may result in dismissal of this action.

**SO ORDERED and DIRECTED**, this 17th day of February, 2023.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge