IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JOHNNY BULLOCK,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | CASE NO. 5:22-cv-00437-MTT-CHW |
| v. | : | |
| | : | |
| **WARDEN BERRY,** *et al.,* | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Defendants** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

**ORDER**

*Pro se* Plaintiff Johnny Bullock, a prisoner now incarcerated at Calhoun State Prison in Morgan, Georgia, filed a 42 U.S.C. § 1983 complaint (ECF No. 1) and recast complaint (ECF No. 10). Plaintiff also filed motions to proceed *in forma pauperis*. ECF Nos. 2 and 11. The Court granted Plaintiff's motions to proceed *in forma pauperis* and, in accordance with 28 U.S.C. § 1915(b)(1), ordered Plaintiff to pay a partial initial filing fee of $12.00. ECF No. 15. Plaintiff was given fourteen days to pay the fee. *Id*. Plaintiff did not pay. Therefore, on March 21, 2023, this Court ordered the Plaintiff to show cause on why his complaint should not be dismissed for failure to comply with a Court order. ECF No. 17.

Plaintiff has now filed a response to the order to show cause in which he states that he has "authorized Calhoun State Prison to take finds from [his] account for case numbers 5:22-cv-00437, as well as 5:22-cv-00386". ECF No. 21. However, Plaintiff does not state when he requested the funds be sent to this Court nor does he include any written correspondence with prison personnel regarding the payment of this fee to the Court. *See*

*id*.  Plaintiff also filed a response to a show cause order in his other pending case arguing that he should not have to pay the partial filing fee because he has depleted the funds in his account and that he has "1 person who puts anything on [his] account and [he's] lucky to get that".  *See* ECF No. 22 in *Bullock v. Jefferson*, case # 5:22-cv-386-MTT-CHW.  To the extent that Plaintiff has depleted his account on other matters, the Court might infer that pursuing the present litigation is not a priority for the Plaintiff.

Failure to pay the statutorily required filing fee could warrant the dismissal of this civil action for failure to obey a Court order. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (affirming district court's dismissal of Plaintiff's action for failure to pay a filing fee when trust fund statement showed Plaintiff received money regularly from family members and spent the money on discretionary items as opposed to paying the filing fee).  Nevertheless, the Court will allow Plaintiff an additional **FOURTEEN (14) DAYS** from the date of this Order, to pay the initial partial filing fee as ordered.  Should Plaintiff fail to pay the fee within the time allotted, his action will be dismissed without prejudice.  In the meantime, there shall be NO SERVICE of process upon any Defendant.

**SO ORDERED**, this 18th day of April, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
