IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JOHNNY BULLOCK,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | CASE NO. 5:22-cv-00437-MTT-CHW |
| v. | : | |
| | : | |
| **WARDEN BERRY,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

# ORDER

*Pro se* Plaintiff Johnny Bullock, a prisoner now incarcerated at Calhoun State Prison in Morgan, Georgia, has filed a 42 U.S.C. § 1983 complaint (ECF No. 1) and recast complaint (ECF No. 10). Plaintiff also requested leave to proceed *in forma pauperis*. ECF Nos. 2 and 11. On February 17, 2023, Plaintiff was granted leave to proceed *in forma pauperis* but was ordered to pay a partial initial filing fee of $12.00 in accordance with 28 U.S.C. § 1915(b)(1). ECF No. 15. Plaintiff was given fourteen days to pay the fee. *Id*. On March 1, 2023, Plaintiff filed a letter in which he states that he has "authorized payments for filing fees by the time you get this you should have it". ECF No. 16. However, Plaintiff did not pay the fee. Therefore, on March 21, 2023, the Court ordered the Plaintiff to show cause on why his complaint should not be dismissed for failure to comply with a Court order. ECF No. 17. Furthermore, the Court specifically informed Plaintiff that his action could be dismissed if he failed to respond or otherwise pay the fee. *Id*. Plaintiff was given fourteen days to comply with the Court's order. *Id*.

On April 7, 2023, Plaintiff filed another letter in which he vaguely states that he has "authorized Calhoun State Prison to take funds from [his] account for case numbers 5:22-cv-00437, as well as 5:22-cv-00386". ECF No. 21. However, the fee was not paid. Therefore, on April 18, 2023, the Court issued yet another order for Plaintiff to pay the partial initial filing fee. ECF No. 23. The Court acknowledges receipt of Plaintiff's letters that he "authorized" payment of the fees and states that "[h]owever, Plaintiff does not state when he requested the funds be sent to this Court nor does he include any written correspondence with prison personnel regarding the payment of this fee to the Court". *Id*. at 1. The Court noted further that "Plaintiff also filed a response to a show cause order in his other pending case arguing that he should not have to pay the partial filing fee because he has depleted the funds in his account and that he has '1 person who puts anything on [his] account and [he's] lucky to get that'. *See* ECF No. 22 in *Bullock v. Jefferson*, case # 5:22-cv-386-MTT-CHW". *Id*. at 2. Plaintiff was advised that the "Failure to pay the statutorily required filing fee could warrant the dismissal of this civil action for failure to obey a Court order". *Id*. On April 3, 2023, Plaintiff was also instructed in his other pending case that depleting an inmate account through discretionary spending does not absolve a Plaintiff's obligation to pay filing fees. *See* ECF No. 23 in *Bullock v. Jefferson*, case # 5:22-cv-386-MTT-CHW. Despite these admonitions, Plaintiff still failed to pay the filing fee in this case.

Plaintiff then filed two responses to the Court's orders. ECF Nos. 25 and 26. In one of the responses, Plaintiff again states that he authorized Calhoun State Prison to take

funds from his account. *See* ECF No. 25. He included what purports to be a letter he sent to the "business office". *See* ECF No. 25-1. However, the Court sees an additional notation on the letter that Plaintiff admits is from a prison official that the Plaintiff must submit "a withdrawal form and documentation" so that his request to submit payment to this Court is facilitated. *Id*.; ECF No. 25 at 1. Yet, in the two months since this Court's last order (ECF No. 23), Plaintiff has filed nothing with this Court to show that he has ever submitted the required forms to the prison for the payment to be forwarded to the Court. Instead, it appears he requested that the prison provide him with yet another copy of his trust account statement[1] that he has filed along with another request that this Court waive the partial initial filing fee. *See* ECF No. 26. This most recent account certification shows that Plaintiff has had an average monthly balance of $50.00 for the last six months and received another deposit of $50.00 on March 9, 2023, after the Court first ordered him to pay the $12.00 partial filing fee. ECF No. 26-1 and 26-2. Despite evidence that he had adequate funds in his account upon filing this civil action and even in the weeks after being ordered to pay the $12.00 fee, Plaintiff requests that this Court "waive all fees until the duration of trial". ECF No. 26; *see also* ECF No. 25 at 2.

It bears emphasizing that 28 U.S.C. § 1915 creates no absolute right to proceed in civil actions without payment of any costs.[2] Indeed, to the contrary, the statute conveys

---

[1] The trust account statement shows only deposits made to Plaintiff's account without any reference to what Plaintiff has paid in discretionary spending or other expenses.

[2] Moreover, even when granted *in forma pauperis* status, a prisoner plaintiff's obligation to satisfy the filing fee is not completely absolved. A prisoner plaintiff must make monthly payments to the clerk of court equal to 20% of the deposits made to his trust account during the preceding month until the filing fee has

3

only a privilege to proceed to those litigants unable to prepay costs without undue hardship. *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 33 (S.D. Fla. 1984) (citing *Startti v. United States,* 415 F.2d 1115 (5th Cir.1969); *see also Mack v. Petty*, 2014 WL 3845777, at 1 (N.D. Ga. Aug. 4, 2014). While the privilege of proceeding *in forma pauperis* does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis". *Levy*, 607 F. Supp. at 33 (S.D. Fla. 1984) (*citing Evensky v. Wright,* 45 F.R.D. 506, 507–508 (N.D.Miss.1968). Under 28 U.S.C. § 1915(a), "the commencement or filing of the suit depends solely on whether the affiant is economically eligible. *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir.1976). 28 U.S.C. § 1915(a), should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack*, 2014 WL 3845777 at *1. When considering a motion to proceed *in forma pauperis* filed under § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). A plaintiff's pleadings in support of his request to proceed *in forma pauperis* should demonstrate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*

Here, Plaintiff's basic needs are met by the Georgia Department of Corrections and he does not demonstrate in any filed pleading that anyone depends on him for support. *See*

---

been paid in full.  *See* 28 U.S.C. § 1915(b)(2).

4

*Martinez*, 364 F.3d at 1307; *Wilson,* 313 F.3d at 1319-20; *Shephard v. Clinton*, 215 F.3d 1327 (6th Cir. 2000) (unpublished opinion) (holding that district court did not abuse its discretion to deny inmate *in forma pauperis* status where prisoner "could pay the filing fee without depriving himself of the necessities of life" because the "prison system provides for [his] daily care").  In its February 17, 2023 order that granted Plaintiff's motions to proceed *in forma pauperis*, the Court found that Plaintiff had total deposits in the amount of $360.00 to his inmate account within six months.  *See* ECF No. 15; ECF No. 14.  Therefore, Plaintiff's average monthly deposit for those six months was $60.00.  *Id*.  Furthermore, Plaintiff's account statement demonstrated that he received between $50 and $110 every month from an undisclosed source.  ECF No. 14.  Thus, Plaintiff plainly had income at his disposal upon filing this action and at the time of granting Plaintiff's motions to proceed *in forma pauperis* that would more than satisfy the payment of the $12.00 partial initial filing fee. *See Wilson v. Sargent*, 313 F.3d 1315, 1319-20 (11th Cir. 2002) (per curiam) (funds derived from other sources such as family and friends are relevant to indigency determination).  Even pleadings filed by Plaintiff after the Court's order to pay the statutorily required partial fee continued to demonstrate that Plaintiff receives funds from outside sources and that he utilizes those funds for discretionary spending rather than paying the $12.00 fee to this Court.  *See* ECF Nos. 21 and 26.

   A district court is given wide discretion to decide motions to proceed *in forma pauperis* and should "grant the privilege sparingly" in civil lawsuits.  *Martinez*, 364 F.3d at 1306.  Here, Plaintiff has repeatedly misled the Court that he authorized payment of the

5

filing fee to the Court (ECF Nos. 16, 21, 25, 26) while also engaging in doublespeak that he is unable to pay the fee (ECF Nos. 25, 26).  Plaintiff had the ability to pay the reduced fee of $12.00 at the commencement of this suit.  *See* ECF No. 14.  Plaintiff continued to receive funds into his account even after the Court's order to pay the reduced fee, yet he still did not pay the fee.  *See* ECF No. 26-2.  The Court finds no reason to waive the payment of the initial partial filing fee of $12.00 and to move this civil action into further frivolity review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).  *See Martinez*, 364 F.3d at 1306.

Nearly four months has passed since Plaintiff was first ordered to pay the partial initial filing fee.  *See* ECF No. 18.  Thereafter, Plaintiff was ordered two more times to pay the fee or this case may be dismissed.  ECF Nos. 17 and 23.  The time for compliance with this Court's repeated orders has well passed.  Because Plaintiff has failed to comply with the Court's orders, this complaint is **DISMISSED WITHOUT PREJUDICE**.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (affirming district court's dismissal of Plaintiff's action for failure to pay an initial partial filing fee when trust fund statement showed Plaintiff received money regularly from family members and spent the money on "discretionary" items as opposed to paying the initial partial filing fee).

**SO ORDERED,** this 15th day of June, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
