IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHNNY BULLOCK, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:22-CV-437 (MTT) |
| Warden BERRY, et. al., | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Johnny Bullock moves the Court for reconsideration of its Order (Doc. 27) and Judgment (Doc. 28) dismissing his complaint for failure to pay the partial initial filing fee.  Doc. 30.

Pursuant to Federal Rule of Civil Procedure 59(e), which governs post-judgment motions for reconsideration, the Court recognizes only three circumstances that warrant reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  *Daker v. Humphrey*, 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1299 (11th Cir. 2010) (recognizing that the courts routinely treat post-judgment motions for reconsideration as Rule 59(e) motions).  Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting

the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker v. Dozier*, 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (cleaned up); *see also Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, "motions for reconsideration are disfavored" and "relief under Rule 59(e) is an extraordinary remedy to be employed sparingly." *Mercer v. Perdue Farms, Inc.*, 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (2010)).

Motions for reconsideration under the Local Rules are treated similarly. In this regard, motions for reconsideration are not to "be filed as a matter of routine practice." M.D. Ga. Local R. 7.6. Moreover, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336, 1337 (2013).

Bullock does not state under which of the three permissible theories present in Federal Rule of Civil Procedure 59 or Local Rule 7.6 warrant reconsideration of the Court's prior order and judgment. Instead, Bullock argues that he has tried and failed to pay the initial filing fee by giving "written permission to [the] business office to allow funds to go to Macon Court for this case." Doc. 30 at 1-2. This same argument was presented to the Court and considered prior to the dismissal of this civil action. Doc. 27. Thus, Bullock is impermissibly relitigating "old matters" and attempting to reopen this civil action by arguing issues previously considered by this Court. *See Daker*, 2017 WL 4797522 at *1; *Linet, Inc.,* 408 F.3d at 763.

-3-

In conclusion, Bullock raises no argument and claims within his post-judgment motion for reconsideration on new law, newly discovered evidence, nor why the dismissal of this civil action was in any way erroneous or that a manifest injustice otherwise occurred. Doc. 30. Because Bullock has failed to satisfy the standards set forth in Rule 59 or Local R. 7.6, his motion for reconsideration (Doc. 30) is **DENIED**.[1]

**SO ORDERED**, this 19th day of July, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Because the statute of limitations does not bar re-filing and Bullock's complaint was dismissed without prejudice, there is no prohibition on Bullock filing his case as a new action.